AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Eric Blackmon
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-109-UNA.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC § 841
  - ☐ under 18 U.S.C. § 924(c).
- X☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAR 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by    X clear and convincing evidence  X a preponderance of the evidence: Defendant is charged with conspiracy to distribute cocaine, distribution of cocaine, money laundering and use of a telephone to facility drug activity. part of the evidence are recorded conversations between defendant and a co-conspirator who was arrest previously and began assisting the government. The evidence shows that substantial quantities of cocaine were being shipped via Fed Ex and some through the assistance of Fed Ex delivery personnel who were also co-conspirators. As a result of the evidence presented the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community for the followin reasons:

1. As noted above, the evidence in support of the offenses is substantial.
2. Defendant has been unemployed since at least 2004 and prior to that held occasional employment. Defendant during the time of the alleged drug conspiracy resided with his mother in California. He has lived with her for at least the past 10 years.
3. As noted previously, defendant's residence is over 3000 miles from Delaware. He has not ties to the eastern US. An aunt lives in Texas.
4. Defendant's serious criminal history began at age 18 years when he was convicted of robbery in 1980. Between 1980 through 1995, defendant was arrested on a regular basis for drug related offense (total 8) resulting in 5 convictions. His last conviction occurred in 1996 for possession of a controlled substance for which he received 32 months in jail. He was found VOP in 2000 for this conviction. Further he was convicted in 1990 for possession of MJ. His probation for that offense was revoked for possession of a narcotic substance in September 1990. He was returned to custody in June 1991 for a parole violation, and again in October 1991 for another parole violation. This occurred again in September 1992 and June 1993 for two more parole violations.
6. Although his aunt in Texas is willing to use her home as surety for defendant, it is clear that living with his mother (which is what was proposed by the defense) has not lessened defendant's criminal activity. The court doubts that his aunt's house will assure that defendant will abide by conditions of release. His continuous activity in drug related offenses is the reason why the rebuttable presumption was established for these types of

AO 472 (Rev. 3/86) Order of Detention Pending Trial

offenses, and that rebuttable presumption on the issue of dangerousness has not been overcome.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 6, 2007 | _(signature)_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).