Case 1:06-cr-00109-JJF   Document 15   Filed 06/06/2007   Page 1 of 6

FILED in open court
this 6th day of June,
2007.

Case 1:06-cr-00109-JJF   Document 12   Filed 04/24/2007   Page 2 of 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-109-JJF |
| | ) |
| ERIC BLACKMON, | ) |
| | ) |
| Defendant. | ) |

FILED
JUN 6 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Douglas E. McCann, Assistant United States Attorney for the District of Delaware, and the defendant, Eric Blackmon, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I and IV of the Indictment. Count I charges him with knowingly conspiring to distribute, and to possess with intent to distribute, more than five kilograms of cocaine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) and 846. The maximum penalties for Count I of the Indictment are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment. Count IV charges him with knowingly conducting a financial transaction affecting interstate commerce involving property represented to be the proceeds of specified unlawful activity (the distribution of cocaine 21 U.S.C. § 841) with the intent to promote the carrying on of specified unlawful

activity (the distribution of cocaine, 21 U.S.C. § 841). The maximum penalties for Count IV are twenty years imprisonment, a fine of $500,000, three years supervised release, and a $100 special assessment

2. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is, for Count I of the Indictment: (1) between September 12, 2005 and March 8, 2006, two or more persons conspired, or agreed, to commit the crime of possession with intent to distribute, or distribution of, five kilograms or more of a mixture and substance containing a detectable amount of cocaine; and (2) that the defendant knowingly and voluntarily joined the conspiracy; and for Count IV of the Indictment (1) on or about August 29, 2006, the defendant conducted or attempted to conduct a financial transaction; (2) that the financial transaction involved property represented by a person acting at the direction of a Federal official authorized to investigate or prosecute violations of Title 18, Section 1956 of the United States Code to be the proceeds of violations of 21 U.S.C. §§ 841 (possession with intent to distribute, and/or distribution of, cocaine); and (3) that the defendant conducted or attempted to conduct the transaction with the intent to promote a specified unlawful activity, that is, the distribution of cocaine in violation of 21 U.S.C. § 841 (possession with intent to distribute, and distribution of, cocaine).

3. The defendant knowingly, voluntarily and intelligently admits that with respect to Count I, between September 8, 2005 and March 12, 2006, he and other persons conspired and agreed to ship, and did ship, more than five kilograms of cocaine from San Francisco, California to Philadelphia, Pennsylvania, and to ship currency from Philadelphia, Pennsylvania to San Francisco, California by Federal Express. The defendant knowingly, voluntarily and intelligently

admits that with respect to Count IV, on or about August 29, 2006, he accepted delivery of $15,000 United States Currency, shipped via Federal Express, which currency had been represented to him to be the proceeds of cocaine distribution, and that he accepted delivery of this currency in payment for one kilogram of cocaine, which kilogram of cocaine he then caused to be shipped from San Francisco, California to Philadelphia, Pennsylvania.

4.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.   Provided that the United States Attorney does not learn of conduct inconsistent with acceptance of responsibility, the United States will recommend a three-level reduction in the offense level for the charge above for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States makes this recommendation because the defendant has timely notified authorities of his intention to enter a plea of guilty, thereby

permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past 3 years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1000 that, within the last 3 years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

8. The defendant agrees to forfeit all interests in any drug-related or money laundering-related asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from,

4

fungible with, or a substitute for property that constitutes the proceeds of the offenses to which he is pleading guilty.

9. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

11. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| /s/ Edson A. Bostic<br>Edson A. Bostic, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: /s/ Douglas E. McCann<br>Douglas E. McCann<br>Assistant United States Attorney |

/s/ Eric Blackmon
Eric Blackmon
Defendant

Dated: 6/6/07

AND NOW, this __6__ day of __June__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

/s/ Joseph J. Farnan, Jr.
Joseph J. Farnan, Jr.
United States District Judge