IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC BLACKMON, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | Civ. A. No. 10-297-LPS |
| ) | Cr. A. No. 06-109-LPS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM OPINION

Eric Blackmon, FCI Lompoc, Lompoc, CA.

    Pro se Movant.

Ilana H. Eisenstein, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, WILMINGTON, DE.

    Counsel for Respondent.

March 7, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Movant Eric Blackmon ("Movant") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting three claims for relief. (D.I. 33) For the reasons discussed below, the Court will deny Movant's Section 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

On October 3, 2006, a federal grand jury for the District of Delaware returned a five-count indictment charging Movant with conspiracy to distribute more than five kilograms of cocaine, itself a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; distribution of more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; distribution of more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; money laundering, in violation of 18 U.S.C. § 1956(a)(3)(A) and 2; and using a telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b). (D.I. 3) On June 6, 2007, Movant knowingly and voluntarily pled guilty to the conspiracy and money laundering counts (counts I and IV of the indictment). (D.I. 15) Pursuant to the plea agreement, the Government subsequently moved to dismiss the remaining counts of the Indictment. (D.I. 22, 23)

On June 6, 2007, a change of plea hearing was held before the Honorable Joseph J. Farnan, Jr. At the plea hearing, Movant acknowledged that, once he plead guilty, he would "not . . . be able to withdraw the guilty pleas." (D.I. 41 at A18) Likewise, the Memorandum of Plea Agreement provided:

1

> The defendant understands, however, that the ultimate
> determination of an appropriate sentence will be up to the
> sentencing judge. The Court may impose a sentence which
> exceeds, falls below, or is contained within the sentencing range
> prescribed by the sentencing guidelines. The defendant expressly
> acknowledges that if the Court imposes a sentence outside the
> range set forth in the sentencing guidelines, or otherwise different
> than the defendant expected, or contrary to the recommendation of
> his attorney or the United States, the defendant will not be allowed
> to withdraw his guilty plea on that basis.

(D.I. 15 at 2)

Prior to sentencing, the United States Probation Office prepared a pre-sentence report ("PSR"). As noted by the Government, the PSR found that the drug conspiracy charged in count I of the indictment involved 50 to 150 kilograms of cocaine, giving Movant a base offense level of 36, pursuant to U.S.S.G. § 2D1.1(c)(3). (*See* D.I. 40 at 5) Through his attorney, Movant objected to the PSR's finding that the drug quantity amounted to 50 to 150 kilograms. (D.I. 41 at A120-21) At the plea hearing, Movant had admitted that the weight was "more than 5 kilograms." (D.I. 14 at 7; *see also* D.I. 41 at A22 ("The defendant knowingly, voluntarily and intelligently admits that with respect to Count I, between September 8, 2005 and March 12, 2006, he and other persons conspired and agreed to ship, and did ship, more than five kilograms of cocaine . . . .")) In order to resolve the dispute over drug quantity, at the sentencing hearing the Court considered documentary evidence, testimony from an FBI Special Agent and two of Movant's co-conspirators, and attorney argument. The conspiracy in which Movant admitted participating involved distribution of cocaine from San Francisco, California to Philadelphia, Pennsylvania using Federal Express. After hearing the evidence, the Court found by a

2

preponderance of the evidence that the total drug weight involved in the conspiracy was "well in excess of 50 kilograms." (D.I. 41 at A126)

Consequently, the Court adopted the PSR, finding that the overall offense level (based in part on a drug quantity of 50 to 150 kilograms of cocaine) was 35,[1] criminal history category was II, and the advisory sentencing guideline range was 188 to 235 months. After denying Defendant's request for a variance, the Court sentenced Movant to 235 months imprisonment on each of counts I and IV, to be served concurrently. (D.I. 25)

In Movant's direct appeal to the United States Court of Appeals for the Third Circuit, he claimed that the Court erred in calculating his sentencing guideline range; but he did not claim that this Court erred in finding that the drug transactions involved in excess of 50 kilograms of cocaine. *See United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009). On February 23, 2009, the Court of Appeals affirmed Movant's conviction and sentence. *See id.* at 124.

On April 12, 2010, Movant filed the instant Section 2255 Motion. (D.I. 33, 34, 35, 36) The Government filed its opposition on July 30, 2010. (D.I. 40, 41) On August 17, 2010, this case was reassigned to the undersigned judge, following the retirement of Judge Farnan. Movant then filed a Reply on October 13, 2010. (D.I. 44)

### III. LEGAL STANDARDS

A defendant may not attack a guilty plea via a habeas petition unless that conviction has first been challenged on direct review. *See United States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999) ("[V]oluntariness and intelligence of a guilty plea can be attacked on collateral review only

---

[1] The basis for this calculation is explained in the Third Circuit's opinion resolving Movant's direct appeal. *See United States v. Blackmon*, 557 F.3d 113, 116-19 (3d Cir. 2009).

if first challenged on direct review."). However, even a procedurally defaulted claim can be reviewed on the merits if a movant demonstrates either cause and prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *see also Garth*, 188 F.3d at 106; *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999).

To prevail on his ineffective assistance of counsel claims, Movant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of *Strickland*, Movant must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *See id.* at 688. Under the second prong, Movant must affirmatively show that counsel's deficient performance prejudiced his case. *See id.* at 692-93. That is, Movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When applying the *Strickland* test, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

## IV.   DISCUSSION

### A.   Movant's Contentions

Movant asserts three claims: (1) the Government breached the plea agreement by recommending that his base offense level be determined using a drug weight of 50 to 150 kilograms of cocaine instead of just 5 kilograms; (2) defense counsel was ineffective for failing to move to withdraw the guilty plea based on the Government's alleged breach of the plea

agreement; and (3) the sentence violated due process as it was based on a drug amount not stipulated to in the plea agreement. (D.I. 33, 34, 44)

### B.     Movant's Challenge to His Plea Agreement Is Procedurally Defaulted

Movant contends that "the government breached the plea agreement," as it "reneged on its promise . . . to recommend a sentence based on the facts admitted at the time of the plea hearing." (D.I. 34 at 3, 9) At the time of sentencing, the Government argued that it proved a drug weight of between 50 and 150 kilograms of cocaine, not the 5 kilograms Movant contends the government agreed to in the plea agreement.

Movant did not present this issue of an alleged breach of the plea agreement in his direct appeal. As the Third Circuit wrote in its opinion disposing of Movant's appeal, "Blackmon does not appeal the District Court's finding that between 50 and 150 kilograms of cocaine were involved in the drug conspiracy." *Blackmon*, 557 F.3d at 124. Therefore, his challenge to the plea agreement is procedurally defaulted. *See Garth*, 188 F.3d at 106.

To overcome his procedural default, Movant must demonstrate cause and actual prejudice or that he is actually innocent. *See id.* Movant has not met this burden. None of Movant's submissions to the Court assert his innocence. Moreover, Movant makes no showing of cause and actual prejudice. The record is devoid of any basis to conclude that Movant had cause for failing to raise his breach of plea agreement contention as part of his direct appeal.

Accordingly, the Court will deny Movant's request that his sentence be vacated on the basis of an alleged breach of the plea agreement by the Government.

C.  **Movant's Ineffective Assistance Claims Lack Merit**

Movant's ineffective assistance of counsel arguments are also unavailing. It is Movant's burden to demonstrate that counsel was deficient in his performance and that he was prejudiced by the deficient performance. *See Fountain v. Kyler*, 420 F.3d 267, 275 (3d Cir. 2005). Movant claims that his attorney's representation was deficient because counsel should have withdrawn the guilty plea on the basis that the Government breached the plea agreement. However, Movant has failed to show that his attorney's representation "fell below an objective standard of reasonableness" and that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 688.

This is largely because Movant has failed to show that the Government actually breached the plea agreement. The agreement states that the maximum penalty for Count I is life imprisonment. (D.I. 41 at A14-15) During the guilty plea colloquy, Movant confirmed that he understood the terms of the agreement, including that it was up to the Court to determine an appropriate sentence. (*Id.*) The plea agreement contained a provision establishing that Movant "expressly acknowledges" that he "will not be allowed to withdraw his guilty plea" on the basis that the Court has imposed a sentence with which he is displeased. (D.I. 12 at 4) Nothing in the plea agreement bound the Government to a particular drug weight, guideline range, or recommended sentence.[2] To the contrary, in the plea agreement Movant admitted that "he and other persons conspired and agreed to ship, and did ship, ***more than five kilograms*** of cocaine from San Francisco, California to Philadelphia, Pennsylvania." (D.I. 41 at A22) (emphasis

---

[2] Nor did the Government breach the plea agreement by proving the greater drug weight for purposes of relevant conduct, consistent with the Sentencing Guidelines. *See* U.S.S.G. § 1B1.3.(a)(1)(A).

added) No upper amount is identified; nor does the Government in the plea agreement make any representation as to what drug amount it would seek to prove.

As there was no breach of the plea agreement by the Government, defense counsel's failure to move to withdraw Movant's guilty plea based on a breach did not constitute performance "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

### D. Movant Was Not Deprived of Due Process

Movant further contends that his sentence violated due process by including a drug amount not stipulated to in the plea agreement. (D.I. 34 at 23) In Movant's view, the Court could not find the drug quantity to be 50 to 150 kilograms of cocaine unless those amounts were set out in the plea agreement. (*See id.* at 27) Movant cites no authority for this proposition, and the Court is aware of none. At the sentencing hearing, the Court heard evidence on the quantity issue, including observing defense counsel's cross-examination of the Government's witnesses. (*See* D.I. 41 at A29-119) The Court also heard argument on the issue. (*See id.* at A120-26) The Court then overruled Movant's objection to the higher weight, explaining its reasoning. (*Id.* at A126) Under these circumstances, the Court finds no basis to conclude that Movant's due process rights were violated.

### E. No Evidentiary Hearing Is Required

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); Rule 8, Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255. After reviewing the record and filings in this case, the Court concludes that the record definitively

establishes that Movant is not entitled to relief. Therefore, the Court will deny Movant's Section 2255 Motion without an evidentiary hearing.

### F. No Certificate of Appealability Will Issue

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Movant has failed to make these showings. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

Movant has not demonstrated an entitlement to relief pursuant to 28 U.S.C. § 2255. His Section 2255 motion will be denied. An appropriate order will be issued.